UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, AS SUBROGEE OF ARCELORMITTAL TEXAS HBI LLC, ET AL. | § § § § § § | CIVIL ACTION NO. 2:24-cv-00182 |
| **Plaintiff,** | § § § | |
| **v.** | § § | |
| MIDREX TECHNOLOGIES INC.; SIEMENS INDUSTRY, INC.; LEXICON, INC.; PRIMETALS TECHNOLOGIES USA LLC; ALTRAD SERVICES LIMITED; AND ALTRAD SERVICES LIMITED f/k/a ALTRAD YORK LININGS LIMITED, | § § § § § § § § | |
| **Defendants.** | § § § | |

## DECLARATION OF PAUL DAVISON IN SUPPORT OF ALTRAD SERVICES LIMITED AND ALTRAD YORK LININGS LIMITED'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1.  My name is Paul Davison. I am over the age of 18, of sound mind, and capable of making this sworn statement. I declare under penalty of law that the facts stated herein are within my personal knowledge or based on my review and confirmation of certain of the business records of Altrad Services Limited and Altrad York Linings Limited (collectively, "Altrad") and are true and correct.

2.  I submit this Declaration in support of Altrad's Motion to Dismiss Plaintiff's Second Amended Complaint. I am authorized by Altrad to make this Declaration.

3. I am employed by Altrad Employment Services Limited, the entity responsible for the employment of all personnel under the larger Altrad Group, as described below. My job title is Head of Commercial, and I am responsible for the overall commercial management of the Onshore sector of the UK, Ireland and Nordics region for Altrad. I have been employed by Altrad for 25 years. In my capacity as Head of Commercial, I am authorized to sign contracts on behalf of Altrad Services Limited and Altrad York Linings Limited and have visibility into their operations.

4. I have reviewed the corporate, transactional and employment records that are referenced or relied upon in this Declaration and have confirmed that all statements related to corporate structure, transactions and personnel are accurate.

5. The Altrad Group, which brands itself colloquially as "Altrad Services," is a group consisting of approximately 200 independent and distinct subsidiary companies of the ultimate parent company, Altrad Investment Authority SAS, registered in France (the "Altrad Group"). The Altrad Group is a world leader in the provision of industrial services, generating high-added value solutions principally for the Oil and Gas, Energy, Power Generation, Process, Environment and Construction sectors.

6. Altrad Services Limited—which is distinct from the general "Altrad Services" moniker used above—is a subsidiary company in the Altrad Group of companies, and one of the Defendants in this matter. It is incorporated in England. Attached hereto as Exhibit A is a true and correct copy of Altrad Services Limited's United Kingdom corporate registration information.

2

7. Altrad York Linings Limited is a corporation that is incorporated in England. It is a subsidiary corporation that is owned by Altrad Services Limited. Altrad York Linings Limited specializes in refractory linings for industrial facilities and handles all phases of the project including engineering, demolition, installation, and inspections.

8. Altrad Services Limited has never done business as or been known as Altrad York Linings Limited. The two are distinct corporations, connected only through Altrad Services Limited's ownership of Altrad York Linings Limited. Attached hereto as Exhibit B is a true and correct copy of Altrad York Linings Limited's English corporate registration information.

9. In June 2021, a company then called Cape Industrial Services Limited ("Cape") changed its name to Altrad Services Limited. Cape and Altrad Services Limited are the same legal entity. Attached hereto as Exhibit C is a true and correct copy of the name change documentation for Altrad Services Limited.

10. In June 2011, Cape (now known as Altrad Services Limited) acquired a wholly owned subsidiary of a company called York Linings Holdings Limited ("YLHL"), an English company. The subsidiary acquired by Cape was called York Linings International Limited ("YLIL"), an English company. YLIL is the same legal entity as Altrad York Linings, as explained below.

11. Prior to Cape's 2011 acquisition of YLIL, YLHL held two wholly owned subsidiaries: (1) YLIL, an English company, and York Linings International Incorporated ("YLI-US"), a United States company. Attached hereto as Exhibit D is a true and correct copy of YLIL's

3

incorporation documents – both its original formation as York Linings Limited and then its 1995 name change to York Linings International Limited. Prior to 2011, YLI-US appeared to be a Delaware corporation with its principal office in North Carolina registered to do business in Texas and Alabama. Attached hereto as Exhibit E is a copy of YLI-US's registration filings for Texas and Alabama.

12. The terms of the 2011 sale were enumerated in a Share Purchase Agreement. Attached hereto as Exhibit F is a true and correct copy of the Share Purchase Agreement.

13. The 2011 Share Purchase Agreement specifically carved YLI-US out of the transaction. Cape did not acquire YLI-US—the United States-based entity.

14. In 2011, when Cape acquired YLIL—and YLI-US was carved out of the deal—YLI-US was contemporaneously purchased by an English resident named James Black. Mr. Black had been an owner of the YLHL shares that Cape purchased in connection with its acquisition of YLIL. According to publicly available records, YLI-US was renamed York Construction, Inc. in 2012, reincorporated in Delaware, and re-registered to do business in Alabama. Attached hereto as Exhibit G is a true and correct copy of York Construction's reincorporation and reregistration documents.

15. In 2021, when Cape changed its name to Altrad Services Limited, YLIL (i.e. the English company) was renamed Altrad York Linings Limited. As mentioned above, YLIL and Altrad York Linings are the same legal entity. They are, however, not the same legal entity as YLI-US. Attached hereto as Exhibit H is a true and correct copy of the name change documentation for Altrad York Linings Limited.

4

16. Altrad Services Limited, Altrad York Linings Limited, YLIL, and YLHL have at all times been distinct and unrelated to YLI-US and/or York Construction since the 2011 acquisition. YLI-US and/or York Construction have never been, and are currently not, affiliated with Altrad Group or any of its subsidiary companies.

17. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) have ever conducted any work in the United States, in the state of Texas specifically, or for Arcelormittal ("Arcelor").

18. Subsequent to the above described 2011 purchase, YLI-US is, was and at all times has been wholly unaffiliated with Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL). There is no connection whatsoever. Altrad has no knowledge of whether YLI-US has done business in Texas; whether it has done business for or with Arcelor; whether it is the "York" that is referenced in logs that Plaintiff has identified; whether it otherwise has any involvement in the facts and circumstances pled in Plaintiff's complaint; or even whether it presently remains a going concern.

19. As mentioned here, YLI-US is/was incorporated in the United States. Since at least 2011, neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) has ever designed, manufactured or sold product of any kind to YLI-US. The companies are not and have never been connected in any respect and have never done business with one another.

20. Upon information and belief, prior to 2011, when YLIL was a subsidiary of YLHL, YLIL did not design, manufacture or sell products of any kind that YLI-US used or resold.

5

21. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) has ever conducted business of any nature in the United States, including in the state of Texas and none are—or ever have been—registered to do business in the state of Texas.

22. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) has ever sold any product into the United States, nor into Texas, nor to any company that it understood would use Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) product in the U.S., or otherwise performed work of any kind in the United States or Texas. Attached hereto as Exhibit I is a true and correct copy of the search records for the Texas Secretary of State's website showing no active matching registrations for Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL).

23. Attached hereto as Exhibit J is a true and correct copy of YLIL's contract details for aluminum work. The only identifiable work on the list for the United States is one highlighted project in 1999 in Hawesville, Kentucky. This project predates YLIL's acquisition by Cape in 2011.

24. Attached hereto as Exhibit K is a true and correct copy of YLIL's contract details for cement and lime work. There are highlighted projects in Arkansas, Florida, Kentucky, Missouri, Mississippi, Maryland, and Indiana, but none for the state of Texas. All projects in the United States also predate YLIL's acquisition by Cape in 2011.

25. Attached hereto as Exhibit L is a true and correct copy of YLIL's contract details for iron and steel work. There are highlighted projects in Alabama, Ohio, and Indiana, but none

for the state of Texas. All projects in the United States also predate YLIL's acquisition by Cape in 2011.

26. Attached hereto as Exhibit M is a true and correct copy of YLIL's contract details for petrochemical work. There are highlighted projects in Louisiana and Texas. The Texas project was conducted in 1996 and 1997, roughly fifteen years before Cape acquired YLIL, and with no subsequent projects in Texas since that work, or any projects in the United States since 1999.

27. Attached hereto as Exhibit N is a true and correct copy of YLIL's contract details for power generation work. There are highlighted projects in Georgia, Nevada, Pennsylvania, South Carolina, Illinois, Maryland, Mississippi, Florida, and Kentucky, but none listed for the state of Texas. All projects predate by at least five years YLIL's acquisition by Cape, with no projects listed in the United States since 2006.

28. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) has ever conducted any business with Arcelor in the United States or Texas.

29. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) has ever, in any way, availed itself of the laws of the state of Texas.

30. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) has ever performed industrial lining work for Arcelor, or had any involvement in the facts alleged in Plaintiff's Second Amended Complaint, or had any involvement in any work of any type performed for Arcelor. Neither Arcelor nor Plaintiff has produced any contract, agreement, purchase order, delivery notice, invoice or other documentation supporting any

7

allegation that Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) or any company ever acquired or owned by Altrad designed, manufactured, sold, constructed, installed or was otherwise involved in any way in the design, fabrication, construction or operation of any portion of the subject plant or materials that relate to the subject fire or other facts alleged in Plaintiff's Complaint.

31. Neither Arcelor nor Plaintiff has produced any contract, agreement, purchase order, delivery notice, invoice, or other documentation supporting any allegation that a company to whom Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) sold any product was involved in any way in the design, fabrication, construction or operation of any portion of the subject plant or materials that relate to the subject fire or other facts alleged in Plaintiff's Complaint.

32. Neither Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) designed any product, manufactured any product, sold any product, installed any product, or otherwise had any connection to the construction of Arcelor's plant or the bustle gas line or expansion joint that is the subject of the above-captioned lawsuit and no Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL) product was used there.

33. I understand that counsel for Midrex provided to counsel for AIG, who in turn provided to counsel for Altrad, a log purporting to show that a company called "York" and its employees—"Billy," "Royder," and "Richie"—were involved in the installation of the bustle gas line and/or expansion joint at Arcelor's plant. Attached hereto as Exhibit O is a true and correct copy of the log produced to Altrad by Plaintiffs in this matter. I have

8

reviewed Exhibit O. Based upon my review of the log, the work referenced therein was undertaken in 2017—eight (8) years after Cape's 2011 acquisition of YLIL. The log does reference what appears to be a company the author calls "York." The "York" reflected on this log is not any York entity now or ever acquired, connected to or owned by Altrad Services Limited (formerly Cape) nor Altrad York Linings (formerly YLIL), nor are the employees identified in Exhibit O Altrad employees, nor are they employees of any York entity now or ever owned by YLIL, Cape or Altrad, nor does Altrad have any current or former employees with the names reflected in the log who have ever performed work in the United States, or more specifically, the state of Texas—much less for Arcelor or at the subject manufacturing facility.

34. Prior to serving the Complaint, Altrad communicated to Plaintiff and my understanding is that Plaintiff confirmed that YLI-US—a U.S. incorporated company with a name similar to YLIL and to Altrad York Limited existed at the relevant time.

35. Two Altrad Group subsidiaries that are distinct from and unaffiliated with Altrad Services Limited and Altrad York Linings Limited, specifically Sparrows Offshore LLC ("Sparrows") and RMD Kwikform North America Inc. ("RMDK") are registered to do business in Texas and may conduct business in Texas. Neither is alleged to have any part or role in connection with any fact alleged in the Plaintiff's Second Amended Complaint. Both are wholly uninvolved with the instant circumstances or the Plaintiff's claims, and are not owned, managed, or controlled by Altrad Services Limited or Altrad York Linings

Limited, and neither Altrad Services Limited nor Altrad York Linings Limited does business with Sparrows or RMDK.

36. Upon information and belief, Plaintiff was asked for, could not produce, and, upon information and belief, does not possess and cannot identify a contract, sale or purchase order, delivery notice, invoice or other written communication or agreement—electronic or otherwise—evincing Altrad's involvement in any of the facts alleged in the Second Amended Complaint.

37. Altrad's assertions in this matter have been unambiguous. It consistently communicated that it does not have business in the U.S. or Texas or had any involvement in any way in any of the facts alleged in the Second Amended Complaint. I am aware of nothing that Plaintiff has alleged or produced that controverts Altrad's statements here.

**SWORN** on December 23, 2024.

Paul Davison

10