United States District Court
Southern District of Texas
**ENTERED**
March 11, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, *et al.*, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| VS. | | CIVIL ACTION NO. 2:24-CV-00182 |
| MIDREX TECHNOLOGIES INC., *et al.*, | | |
| Defendants. | | |

# ORDER ON DEFENDANT LEXICON INC.'S
# MOTION TO DISMISS

This action arises out of a fire alleged to have resulted from the faulty construction or installation of a large component part of an iron processing plant. Before the Court is Lexicon, Inc.'s (Lexicon's) Motion to Dismiss Second Amended Complaint for Failure to State a Claim (D.E. 29), brought pursuant to Federal Rule of Civil Procedure 12(b)(6). Also before the Court is Plaintiff American Home Assurance Company's[1] response (D.E. 41) and Lexicon's reply (D.E. 44). For the reasons set out below, the Court **DENIES** the motion (D.E. 29).

---

[1] Plaintiff American Home Assurance Company sues as subrogee of its insureds, ArcelorMittal Texas HBI LLC, ArcelorMittal USA Holdings III LLC, and ArcelorMittal HBI Holdings LLC (collectively Arcelor).

1

## STANDARD OF REVIEW

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Courts must liberally construe the complaint in favor of the plaintiff and take all well-pleaded facts in the complaint as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). Furthermore, "[a]ll questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001). However, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

The claim must be plausible. Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.

2

*Giancarlo v. UBS Fin. Servs., Inc.*, 725 F. App'x 278, 282 (5th Cir. 2018) (citing *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).

## DISCUSSION

Lexicon seeks dismissal of the claims against it for three reasons: (a) under *Twombly/Iqbal* (i) the negligence claim is not plausible and (ii) the allegations are insufficient regarding a duty owed by Lexicon to Arcelor or breach of that duty; and (b) the economic loss rule precludes the claim. The Court considers each argument in turn.

### A. Sufficiency of Allegations of Duty and Breach

Lexicon claims that American Home's pleading of the circumstances giving rise to a duty and breach fail to satisfy the *Twombly/Iqbal* pleading standard because they do not raise the claim from possible to plausible. More specifically, Lexicon argues that the pleadings are "prophylactic and definitionally ambiguous." D.E. 29, p. 3. The challenges are: (1) that American Home improperly grouped or lumped together the Defendants; and (2) that it failed to properly plead any contract or other basis for finding that Lexicon owed any duty to Arcelor.

### 1. Group Pleading or Lumping

Lexicon complains that American Home lumped Lexicon together with another Defendant, Altrad Services Limited, f/k/a Altrad York Linings Limited (Altrad), as the party that performed the construction or installation complained of. By doing so, according to Lexicon, American Home failed to specify that either Defendant was responsible—alleging only possibilities. The Court disagrees.

3

There are two different types of group pleading in the amended complaint. First, there are general allegations asserted jointly against all defendants regarding the type of duties that are associated with each defendant's respective relationship to the construction or installation of components in, or the ultimate completion of, the plant. Those duties, expressed in general terms such as "All Defendants had a duty to employ reasonable quality assurance methods in the manufacture of the expansion joint," are informed by the more specific pleadings regarding the liability of each defendant and do not appear to be the focus of Lexicon's challenge. *See generally*, D.E. 25, pp. 12-13.

Second there are allegations stated equally against Lexicon and/or Altrad regarding a defined subset of the construction and installation activities, such as "The refractory and/or its component materials were installed by Lexicon and/or Altrad York Linings." D.E. 25 p. 7. American Home is entitled to plead in the alternative. Fed. R. Civ. P. 8(a)(3), 8(d)(2), (3); *see generally, Lormand v. US Unwired, Inc*., 565 F.3d 228, 267 (5th Cir. 2009) (the pleading standard does not require the court to choose among alternative inferences; any plausible claim is entitled to discovery and further disposition based on the evidence). While American Home left open the possibility that a defendant other than Lexicon was responsible for the expansion joint failure and fire, it alleged sufficient facts to put Lexicon on notice of the exact claim made against it. It is clear from this pleading that American Home intends to sue and recover from the entity (Lexicon and/or Altrad) that was responsible for "the construction and installation of the joints and/or their refractory linings." D.E. 25, p. 11.

4

The pleading includes a very precise analysis of what failures in that construction and installation are at issue.

> A vertical expansion joint located on the bustle gas line, an essential component in the Midrex iron reduction process, suffered a failure of the refractory material and the insulation lining the interior of the expansion joint, resulting in a rupture in the joint and a fire that necessitated an emergency shutdown of the line and ultimately the replacement of the entire joint.

D.E. 25, pp. 4. The nature of the alleged failure—what happened and why—is fully detailed in the pleading, complete with pictures and illustrations. D.E. 25, pp. 4-10.

When courts disapprove of the lumping of defendants, it is usually in the context of multiple different wrongs perpetrated against the plaintiff, alleged against all defendants, regardless of their relationship to the plaintiff or to the incident.

> When the plaintiff's complaint uses blanket terms covering all the defendants, by lumping them together or calling them collectively "TDCJ," these allegations are properly disregarded unless the reference to the Executive Defendants can be clearly inferred. *Accord. Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 & n. 14 (11th Cir. 2015) (describing this form of "shotgun pleading" as a "sin" consisting of "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions"). For instance, the plaintiff alleges that "Defendants provide grossly inadequate amounts of water to help prisoners survive the extremely-high temperatures indoors." (Pl.'s Compl. at ¶ 60.) It is not a plausible inference that TDCJ Executive Director Brad Livingston, all the way from his Huntsville office, personally provides grossly inadequate amounts of water to prisoners in Beeville, Texas. All such allegations should have been disregarded.

*Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) (Jones, J., dissenting) (disagreeing with majority's decision to permit limited discovery on the claims against all defendants to determine applicability of qualified immunity when those without a relationship to the events at issue were lumped in with the others); *see also, United States ex rel. Gudur v. Deloitte & Touche*, No. 07-20414, 2008 WL 3244000, at *2 & n.15 (5th Cir. Aug. 7, 2008) (refusing to give effect to pleading the conduct of "defendants" to refer to individual defendant for whom there were no specific facts alleged).

This distinction can be seen in the case Lexicon cites: *Petri v. Kestrel Oil & Gas Properties, L.P.*, No. CIV.A. H-09-3994, 2011 WL 2181316, at *5 (S.D. Tex. June 3, 2011).

> WGPS also asserts that Plaintiffs have lumped all Defendants together and collectively pleaded vague and ambiguous allegations against them, ***despite Defendants' having different status and/or relative positions in relation to Plaintiffs' claims***. Plaintiffs fail to state sufficient facts relating to the ***specific conduct of WGPS*** and fail to give fair notice of the nature of a claim and plausible factual allegations to support any claim against each defendant. Plaintiffs generally allege negligence, gross negligence, and malice against WGPS but do not set out sufficient facts relating to the ***specific alleged conduct of WGPS*** giving rise to these claims . . . .

*Id*. (emphasis added). According to American Home's pleading, Lexicon and Altrad occupied the same position relative to the facts giving rise to the claim and those facts are clearly spelled out. The joint pleading against them does not cross over into the unrelated conduct of other defendants. Consequently, the complaint survives application of the *Twombly*/*Iqbal* standards.

With the allegations of the second amended complaint, Lexicon is not left wondering what capacity it is alleged to have held or what it is being sued for. There is no question what its defense must challenge. It can challenge whether it is the entity that performed specific work at the Arcelor plant and/or it can challenge the complaints about the quality of that work. It need not concern itself with the work performed by other defendants holding different capacities. The pleading is sufficient to proceed to discovery to ascertain the merits of the negligence claim.[2]

### 2. Pleading of Duty

American Home's only claim against Lexicon sounds in negligence. D.E. 25, pp. 10-14. Lexicon asserts that American Home has not pled that any contract governed the relationship between them and that it has failed to allege a duty to support a negligence theory. This overlooks the pleading that Lexicon had duties to use ordinary care in its work, adhere to the blueprints and plans provided for the construction and installation of the joints and refractory linings, and to use reasonable quality assurance methods in performing its work and testing its quality, among other duties. D.E. 25, pp. 11-13; *see generally, Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) ("we have

---

[2] Because the Court finds that the pleadings are sufficient to state a negligence claim against Lexicon, the Court need not address the additional claim under *res ipsa loquitor*. *See* D.E. 29, p. 4. As American Home has disclaimed any intent to plead a professional liability claim, the Court declines to address that issue as well. *See* D.E. 29, pp. 5-7; D.E. 41, p. 16. And there is no practical reason to consider Lexicon's fear that it is alleged to have controlled Altrad's work. Since this amended pleading was filed, American Home has dismissed its claims against Altrad, in the face of Altrad's complaint that it is the victim of mistaken identity and had no role whatsoever in the construction of any part of Arcelor's plant. Minute Entry for February 12, 2025.

7

recognized that a duty to use reasonable care may arise when a person undertakes to provide services to another, either gratuitously or for compensation").

As set out above, the pleading is replete with details regarding where the work Lexicon is alleged to have done failed to adhere to the plans and blueprints and fell below the standard of care applicable to construction and installation of the joint at issue. To defeat the negligence claim, then, Lexicon must rely on something other than the factual sufficiency of the allegations regarding the claim's elements. In that regard, it raises the economic loss rule.

### B. Economic Loss Rule

Lexicon's motion includes a sprawling set of arguments related to the economic loss rule, claiming that it precludes any tort claim against it. But the economic loss rule does not run roughshod over all tort claims. Rather, the Supreme Court of Texas, which is responsible for defining this rule of state law, has stated:

> [W]e have applied the economic loss rule only in cases involving defective products or failure to perform a contract. In both of those situations, we held that the parties' economic losses were more appropriately addressed through statutory warranty actions or common law breach of contract suits than tort claims. Although we applied this rule even to parties not in privity (e.g. a remote manufacturer and a consumer), we have never held that it precludes recovery completely between contractual strangers in a case not involving a defective product—as the court of appeals did here.

*Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 418 (Tex. 2011) (footnote omitted). "The rule cannot apply to parties without even remote contractual privity, merely

because one of those parties had a construction contract with a third party, and when the contracting party causes a loss unrelated to its contract." *Id*. at 420.

This Court cannot dismiss a claim on the basis that it is a precluded breach of contract action when the complaint does not allege a breach of contract.  And the Court cannot dismiss a product liability claim under the economic loss rule when no such claim has been alleged and where the alleged damages extend beyond the component at issue—the product itself.  Neither will the Court construe the "product" at issue here to be the entire plant, thereby eliminating any damage claims, when the standard of review requires construction of the pleadings in favor of American Home.  *See Campbell,* 781 F.2d at 442; *Lewis*, 252 F.3d at 357.

Lexicon faults American Home for failing to plead a contract.  But if the claim is for negligence sounding in tort, American Home need not plead any contract.  Lexicon's economic loss rule arguments are inapposite under the current status of the pleadings and are premature under the standard of review at the Rule 12(b) stage.

## CONCLUSION

For the reasons set out above, Lexicon's motion to dismiss (D.E. 29) is **DENIED** in its entirety.

**ORDERED** on March 11, 2025.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE